Robert A. PETERSON, Plaintiff–
Appellant,

v.

RELIANCE INSURANCE COMPANY,
Defendant–Appellee.

No. 99–55849.

D.C. No. CV–98–0658–LGB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2001.

Decided March 2, 2001.

Before TASHIMA and FISHER, Circuit Judges, and ZILLY, District Judge.*

MEMORANDUM **

Appellant Robert A. Peterson appeals from the district court's grant of summary judgment. The appellant contends that the district court erred in concluding that no material issue of fact existed as to whether the Reliance Insurance Company ("Reliance") incurred an obligation to pay the legal services provided by the appellant.

The standard of review on an appeal from a grant of summary judgment is de novo. *See Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir.2000). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

A reasonable trier of fact could conclude that Reliance incurred a contractual obligation to pay for the services provided by the appellant. Reliance owed a duty to defend its insured. The duty to defend gives the insurer absolute right to control the defense and the insured is required to surrender all control over the defense. *See Gribaldo, Jacobs, Jones & Assoc. v. Agrippina Versicherunges A.G.*, 3 Cal.3d 434, 449, 91 Cal.Rptr. 6, 476 P.2d 406 (1970).

When defense was tendered to Reliance in September 1992, Reliance had a duty to select and pay defense counsel for its in-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sured. Several months later, Reliance responded by accepting the defense, but provided no indication that it was selecting alternate counsel. *See* ER 28(D)–64. Reliance proceeded to make several payments to the appellant's assignor for services rendered in defending the insured. *See* ER 28(D) at 134, 137. Reliance also agreed to pay increasingly higher rates for the services rendered by the law firm. *See* ER 28(D) at 135, 137. Reliance even provided the law firm with its Litigation Management Guide in order to allow the firm to submit future billing statements and report requirements. *See* ER 28(D)–137. Drawing all inferences in favor of the appellant's assignor, this conduct could lead a reasonable factfinder to conclude that Reliance agreed to pay the appellant in the representation of its insured.

REVERSED.